**C. Robert SUESS, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 90–981 C.**

United States Court of Federal Claims.

Dec. 3, 2002.

Don S. Willner, Willner U'Ren & Hooten, LLP, Portland, Oregon, for plaintiffs.

Bruce C. Taylor, Federal Deposit Insurance Corporation, Washington, D.C. for the FDIC as plaintiff in its capacity as Manager of the FSLIC Resolution Fund–RTC and as receiver for and successor in interest to Benjamin Franklin Federal Savings & Loan Association.

Jonathan S. Lawlor, with whom were Jeanne E. Davidson, Deputy Director, and David M. Cohen, Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C. for defendant.

## *ORDER*

SMITH, Senior Judge.

After a trial on damages, this matter was decided on April 1, 2002, and published at 52 Fed.Cl. 221 (2002). On June 6, 2002, judgment was entered for plaintiffs in the amount of $34,672,500, representing the "lost equity value" of Benjamin Franklin Federal Savings & Loan Association. Defendant filed a Motion for Reconsideration on June 20, 2002, and plaintiffs and plaintiff-FDIC responded on July 24, 2002. On July 31, 2002, defendant filed its reply. Plaintiffs also filed a Motion for Reconsideration on July 10, 2002,

and defendant and plaintiff-FDIC responded on July 24, 2002. On July 31, 2002, plaintiffs filed their reply. The Court held oral argument on the Motions for Reconsideration on November 21, 2002. After reviewing the briefs and hearing oral argument, the Court hereby DENIES plaintiffs' Motion for Reconsideration, and WITHHOLDS decision on defendant's Motion for Reconsideration until the issue of the receivership's tax liability is resolved.

On April 22, 2002, the IRS filed an Amended Proof of Claim with the FDIC in connection with the receivership proceeding of the Benjamin Franklin Federal Savings & Loan Association. The Amended Proof of Claim reflected a total an indebtedness of $1,077,768,461 for income tax liabilities of the receivership. On July 17, 2002, the IRS sued the FDIC in the U.S. District Court for the District of Columbia to determine the validity, amount, and status under 12 C.F.R. § 360.3 of the receivership's tax liability. *See United States v. FDIC*, No. CV–02–01427 (D.D.C. July 17, 2002). The plaintiffs filed a Motion to Intervene and to transfer the suit to the United States District Court for the District of Oregon on September 16, 2002. As of the date of this Order, that motion is still pending.

Oral argument revealed that the determination of the validity, amount, and status of the receivership's income tax liability would significantly assist the Court in resolving the defendant's Motion for Reconsideration. For instance, *if* the tax claim overwhelms both the existing receivership surplus (valued at $88 million as of December 31, 2001) and the $34.7 million damage award, then under the receivership distribution system no monies would flow to the shareholder plaintiffs. Therefore, following the Federal Circuit's reasoning in *Landmark Land Co., Inc. v. United States,* 256 F.3d 1365, 1380 (Fed.Cir. 2001), where "none of the money paid by the government in satisfaction of such a judgment would leave the government" the remaining claims in this matter would "not give rise to an actual case or controversy." For these reasons, and in an effort to conserve judicial resources at this Court and at the Federal Circuit, the Court withholds ruling on defendant's Motion for Reconsideration until the tax claim is resolved.

As discussed at the conclusion of oral argument, the Court also ORDERS the parties to file a Joint Status Report, no later than March 28, 2003, informing the Court as to the status of the tax claim litigation.

It is so ORDERED.